FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 0 8 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MODUCUP, LLC,                       :

                    Plaintiff,      :

v.                                  :

NEWYORKCUPS.COM,                    :

                    Defendant.      :

---

Civil Action No. 09 — 2910

**COMPLAINT**

**DEMAND FOR JURY TRIAL** MATSUMOTO, J.

GOLD, M.J.

Plaintiff Moducup, LLC ("Plaintiff"), by and through its undersigned attorneys, as and

for its Complaint against Defendant NEWYORKCUPS.COM ("Defendant"), alleges as follows:

## JURISDICTION AND PARTIES

1.      Plaintiff is a New Jersey limited liability company having its principal place of

business at 16 West End Road, Totowa, New Jersey 07512.

2.      On information and belief, Defendant is a New York corporation having its

principal place of business at 3536 9th Street, Astoria, New York 11106.

3.      This is an action for copyright infringement arising under the United States

Copyright Act, 17 U.S.C. §101, et. seq., and a claim for unfair competition under 15 U.S.C. §

1125.  This Court has subject matter jurisdiction over this claim pursuant to 17 USC §§501-509

and 28 USC §§ 1331 and 1338.

4.      Venue lies in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391 and

1400 in that Defendant transacts business and/or resides in this district, and/or a substantial part

of the events giving rise to Plaintiff's claim occurred in this district.

MEI 8661168v.1

## COUNT I – COPYRIGHT INFRINGEMENT

5.      Plaintiff repeats and realleges paragraph 1 through 4 of the Complaint as though fully set forth herein.

6.      Plaintiff is the creator, author, and owner by assignment of all rights of copyright in and to the design of a pattern consisting of a three coffee cup, plate and bean combination on a tan background for use as a paper hot cup product depicted in Exhibit A attached hereto and incorporated by reference (the "Design").

7.      Plaintiff acquired its rights to the Design in 2003, and Plaintiff has offered for sale and sold the Design since that time.

8.      The Copyright Office issued a certificate of registration for the Design effective June 5, 2009.  A copy of the certificate of registration for the Design is attached as Exhibit B.

9.      Defendant, without authorization of Plaintiff as the owner of all rights of copyright in the Design, and in violation of 17 U.S.C. §§ 101 et seq., has intentionally and willfully copied, distributed, and publicly displayed a design used as a paper hot cup product that is substantially similar to the Plaintiff's copyrighted Design.  Defendant's infringing design is depicted in Exhibit C.

10.     Upon information and belief, Defendant offers for sale, sells and has sold, displays pictures thereof, and distributes in commerce a paper hot cup product bearing an infringing design.

11.     Defendant's actions constitute copyright infringement and have caused and will continue to cause Plaintiff irreparable harm and injury unless enjoined by this Court.

ME1 8661168v.1

12.     By reason of Defendant's infringement of Plaintiff's copyright in the Design, Defendant has derived revenues and profits attributable to said infringement, the amount of which has yet to be ascertained. Plaintiff also has suffered actual damages, including lost profits, in an amount yet to be ascertained, and irreparable harm to its goodwill, reputation, market share and advantageous business relationships.

13.     Defendant's infringement of Plaintiff's copyright in the Design was committed "willfully" as that term is used in 17 U.S.C. § 504(c)(2). At all times mentioned herein, and upon information and belief, Defendant was aware of, and had reason to believe, that its acts constituted infringement of Plaintiff's copyright, and because Plaintiff has placed Defendant on notice of its claims the continuing infringements have been willful.

## COUNT II- UNFAIR COMPETITION

14.     Plaintiff repeats and realleges paragraph 1 through 13 of the Complaint as though fully set forth herein.

15.     Consumers recognize Plaintiff's popular Design and have come to associate the total image of the Design with Plaintiff.

16.     The Design has attained secondary meaning.

17.     Defendant has intentionally copied the Design.

18.     Defendant's infringing paper hot cup product design is confusingly similar to the "look and feel" of Plaintiff's Design, a fact which is likely to cause confusion, mistake or deception, or to cause those encountering Plaintiff's Design to believe that Defendant's infringing design emanates from or is in some manner sponsored or approved by or connected with Plaintiff.

19.     By intentionally copying and using the same or confusing similar paper hot cup product design of Plaintiff, Defendant continues to realize an unjustified benefit from the general good will and reputation of Plaintiff.

20.     Defendant's actions constitute a violation of Plaintiff's exclusive right to use and sell its Design in commerce, in violation of 15 U.S.C. § 1125(a).

21.     Unless enjoined, Defendant will continue to infringe Plaintiff's Design by continuing to manufacture, promote and sell the infringing paper hot cup product bearing a design that is confusing similar to Plaintiff's Design.

22.     By reason of Defendant's ongoing and continuing misconduct, Plaintiff has suffered and, unless Defendant's misconduct is enjoined, will continue to suffer irreparable harm for each day that Defendant continues to infringe and dilute Plaintiff's Design and copyright.

23.     Plaintiff has no adequate remedy at law because the harm it has suffered and will continue to suffer is difficult to quantify, such that damages alone cannot fully compensate Plaintiff for the unlawful and infringing use of the Plaintiff's Design and copyrights.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A.     Temporarily, preliminarily and permanently restraining and enjoining Defendant, and its employees, officers, agents, representatives, successors and assigns, and all those acting in active concert or participation with Defendant, against further infringement of Plaintiff's Design or any mark that is confusingly similar to Plaintiff's exclusive rights in the Design, including the direct or indirect copying, manufacturing, displaying, vending, distributing, selling,

-4-

promoting, advertising, using, or disposing of in any manner of the Design, or any derivative works thereof, and any other copyrightable subject matter owned by Plaintiff;

      B.      Finding that Defendant willfully infringed Plaintiff's Design; and

      C.      Defendant be required:

          (1)     to pay to plaintiff all damages that Plaintiff, has sustained in consequence of Defendant's copyright infringement complained of herein, (17 U.S.C. § 504);

          (2)     to account for and pay over to Plaintiff all profits derived by Defendant from the copyright infringement complained of herein (17 U.S.C. § 504);

          (3)     to pay to Plaintiff all damages that Plaintiff has sustained in consequence of Defendant's unfair competition complained of herein, including punitive damages for willful unfair competition (15 U.S.C. §1117);

          (4)     to account for and pay over to Plaintiff all profits derived by Defendant from the unfair competition complained of herein (15 U.S.C. §1117);

          (5)     to impound and to recall all infringing materials, designs, products, molds, models and tools from manufacturers, intermediaries, and all levels of distribution, and to deliver them to Plaintiff or its counsel for destruction;

          (6)     to require that all other materials, designs, products, molds, models and tools relating to the infringing hot cup product design and its packaging in the possession or control of Defendant, including all means of production of the infringing works, be delivered and/or destroyed as the Court shall direct, pursuant to 17 U.S.C. §§ 503 and 509;

          (7)     to pay to Plaintiff treble and punitive damages and pre-judgment interest;

          (8)     to pay to Plaintiff the costs of this action, including attorney's fees (17 U.S.C. § 505, 15 U.S.C. § 1117); and

MEI 8661168v.1

(9)     to file with the Court and serve on Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the terms of any injunction entered by this Court (15 U.S.C. § 1116); and

D.     Awarding such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 8, 2009

                              McCARTER & ENGLISH, LLP

                              By:_____
                                   Sarah B. Biser
                                   Gary H. Fechter
                                   Attorneys for Plaintiff
                                   Moducup, LLC
                                   245 Park Avenue
                                   New York, New York  10167
                                   (212) 609-6800
                                   sbiser@mccarter.com
                                   gfechter@mccarter.com

-6-

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury on all issues so triable pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure.

Dated: New York, New York
July 8, 2009

McCARTER & ENGLISH, LLP

By: _____
        Sarah B. Biser
        Gary H. Fechter
        Attorneys for Plaintiff
        Moducup, LLC
        245 Park Avenue
        New York, NY  10167
        (212) 609-6800
        sbiser@mccarter.com
        gfechter@mccarter.com

MEI 8661168v.1



# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

# VA 1-667-250

**Effective date of
registration:**

June 5, 2009

## Title

**Title of Work:** Graphic Design for Disposable Cup

## Completion/Publication

**Year of Completion:** 2003

**Date of 1st Publication:** November 11, 2003    **Nation of 1st Publication:** United States

## Author

**Author:** Moducup, LLC

**Author Created:** Artwork/Design

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Moducup, LLC

16 West End Road, Totowa, NJ, 07512, United States

## Certification

**Name:** Gary H. Fechter

**Date:** June 5, 2009



ewYorkCups.Com
ASP90-2400RF   10oz Refre Hot Cup